**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:19-CV-03229-MDH |
| ) | |
| JEFFSHAWN LUTHER, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Amended Petition to Determine Present Mental Condition of an Imprisoned Person (Doc. 4) was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The United States Magistrate Judge has completed his preliminary review of the Amended Petition for Determination of Defendant's mental condition and has submitted a Report and Recommendation. (Doc. 15). The Magistrate Judge found clear and convincing evidence that Defendant suffers from a mental disease or defect and that, if released, he would create a substantial risk of bodily injury to another person or serious damage to property of another. Accordingly, the Magistrate Judge recommended the Defendant be committed pursuant to 18 U.S.C. § 4246.

Defendant has filed exceptions to the report and recommendation of the Magistrate Judge in which he submits that there is insufficient evidence to establish that he is suffering from a mental disease or defect, the treatment for which he is need of custody in a suitable facility. (Doc. 16).

After careful review of the entire record before the Court, the Court adopts the findings and recommendation of the Magistrate Judge at this time. The Risk Assessment Panel concluded that

1

Defendant suffers from a mental defect, specifically, schizophrenia, in partial remission with medication, alcohol use disorder, inhalant use disorder, and rule out intellectual disability. (Doc. 4-2 at 11). Independent psychological examiner Dr. Michael Walsh, Psy.D., also concluded that Defendant suffers from schizophrenia, in partial remission with medication, alcohol use disorder, inhalant use disorder, cannabis use disorder, and rule out intellectual disability. (Doc. 10 at17). The Panel noted that Defendant during his interview admitted he would probably not remain on his psychiatric medications if released. Doc. 4-2 at 13). It also noted a history of violent conduct, a history of substance abuse, and active symptoms of psychosis that place him at increased risk of violence. *Id.* Every evaluating expert, including the three members of the Risk Assessment Panel and Dr. Walsh concluded that Defendant suffers from a mental disease as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another and thus meets the criteria for civil commitment under 18 U.S.C. § 4246. (Doc. 4-2 at 13 and Doc. 10 at 17).

Defendant excepts to the report and recommendation on the basis that the Magistrate Judge has not provided clear and convincing evidence that there is no state placement available for Defendant. (Doc. 16 at 2). The Court notes that the unavailability of state placement is not an element that must be proved by clear and convincing evidence before commitment may occur under 18 U.S.C. § 4246(d). In any case, the Court finds the warden's certification that state placement is unavailable, attached to the amended petition, to be clear and convincing evidence that state placement is unavailable. (Doc. 1-3 at 2).

The Magistrate Judge held a hearing on January 7, 2020, on the Government's Amended Petition. (Doc. 13). In his exceptions to the report and recommendation, Defendant points to his testimony at that hearing, wherein he stated that he does not believe he has a mental illness, that

he lives in an open unit at the USMCFP, that he behaves himself, that he voluntarily takes his medication and will continue to do so while at that facility, and that if released he would not be a danger to other people or their property. (Doc. 14 at 4-7).

In light of the unanimous opinions of the mental health evaluators as to Defendant's mental conditions and dangerousness, the lack of insight into his condition, and the likelihood he stays on his medication after release, the Court does not consider Defendant's testimony credible. The Court agrees with the reasoning of the Magistrate Judge and accordingly finds by clear and convincing evidence that commitment under the provisions of 18 U.S.C. § 4246 is appropriate.

It is **THEREFORE ORDERED** that Defendant's exceptions filed herein (Doc. 16) are considered and **OVERRULED.**

It is **FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. 15) is **ADOPTED.**

It is **FURTHER ORDERED** that Defendant be, and is hereby, committed to the custody of the Attorney General under the provisions of 18 U.S.C. § 4246 for hospitalization and treatment in a suitable facility until he is no longer in need of such custody for care or treatment in such a facility.

**IT IS SO ORDERED.**

DATED: February 6, 2020

                                                     /s/ Douglas Harpool
                                                   **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**